IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEATRICE FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04 C 5302 |
| v. ) | |
| ) | |
| AMALGAMATED TRANSIT UNION, ) | |
| and CHICAGO TRANSIT AUTHORITY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Beatrice Fleming brings this four-count Verified Amended Consolidated Complaint ("Amended Complaint") alleging race and gender discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, against Amalgamated Transit Union ("Union") and the Chicago Transit Authority ("CTA"). Before the Court are the CTA's and Union's motions to dismiss Counts I, II, and III under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motions to dismiss.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Centennial Mortgage, Inc.,* 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)). When

determining a motion to dismiss, the Court is restricted to reviewing the pleadings, which consist of the complaint, any attached exhibits, and the supporting briefs. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Centers,* 398 F.3d at 333.

## BACKGROUND

Fleming filed several discrimination claims with the EEOC from approximately August 2002 through January 2004. (R. 14-1, Verified Amended Consolidated Complaint, ¶ 10.) The EEOC issued several right-to-sue letters, the most recent of which Fleming believes is dated June 2004. (*Id.* ¶ 11.) Fleming, however, cannot locate this particular right-to-sue letter. (*Id.*) On August 12, 2004, Fleming filed five pro se complaints in federal court. (R. 26-1, Defendant CTA Motion to Dismiss, Ex. A.) Thereafter, the Court appointed an attorney and Fleming filed a motion to consolidated all of her pro se complaints. (*Id.*, Ex. B at 6.) The Court then granted Fleming's motion to consolidate. (R. 13-1.)

## ANALYSIS

**I.      Counts I and II – Title VII Claims of Race and Gender Discrimination**

First, Defendants contend that Fleming failed to file her original complaint within 90 days of receiving her right-to-sue letter from the EEOC, and thus she is precluded from bringing her Title VII discrimination claims – Counts I and II.[1] *See* 42 U.S.C. § 2000e-5(e); *Dandy v.*

---

[1] The Union also argues that because Fleming never named the Union as a respondent in her EEOC charges, Fleming is barred from recovery under Count II. The Court, however, concludes that equitable tolling does not apply under the circumstances, and thus dismisses Count II. Therefore, the Court need not address this alternative argument.

*United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). Specifically, Defendants assert that the EEOC issued its most recent right-to-sue letter on March 23, 2004 and Fleming filed her pro se complaints on August 12, 2004, which was after the 90 day deadline. (R. 26-1, Defendant CTA Motion to Dismiss, Ex. D.)

Fleming contends that the EEOC issued another right-to-sue letter in June 2004. In support of this assertion, Fleming provided her various EEOC files, including Charge No. 210-2004-02699, which remained open after March 23, 2004. (R. 30-1, Plaintiff's Response to CTA's Motion to Dismiss, Ex. B.) Per the Court's request, Fleming's counsel has had recent discussions with the Chicago EEOC office. An attorney with the EEOC informed counsel that Charge No. 210-2004-02699 relates to an inquiry that Fleming made concerning a potential, additional charge, but that Fleming never filed a formal charge. Thus, the EEOC never issued a right-to-sue letter concerning this inquiry. (R. 36-1, Plaintiff's Response to Court's May 9, 2005, Docket Entry).

Nonetheless, Fleming argues that the Court should deny the motion to dismiss even though this last inquiry did not give rise to a formal charge because the facts demonstrate that as of March 23, 2004, the EEOC had not fully completed its investigation with respect to each of Fleming's grievances. Fleming, however, fails to develop this argument and thus has waived it. *See Estate of Moreland v. Dieter,* 395 F.3d 747, 759 (7th Cir. 2005) ("Perfunctory or undeveloped arguments are waived").

Further, Fleming contends that she is entitled to equitable tolling of Title VII's 90 day period because during the time in question, Fleming, who was then pro se, was physically incapacitated and could not draft a complaint. "The timely filing of an EEOC charge is not a

3

jurisdictional prerequisite to filing a federal lawsuit, but rather, is more akin to a statute of limitations and subject to waiver, estoppel, and equitable tolling under appropriate circumstances." *Hentosh v. Herman M. Finch Univ. of Health Sciences,* 167 F.3d 1170, 1174 (7th Cir. 1999); *see also Dandy,* 388 F.3d at 270. Equitable tolling is an exception to the general rule and is restricted to extreme circumstances in which the plaintiff has made a good faith error, such as filing a timely complaint in the wrong court, or has been prevented in some extraordinary way from filing a timely complaint. *Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848, 850 (7th Cir. 2001); *see also United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) ("Extraordinary circumstances far beyond the litigant's control must have prevented timely filing"). In *Marcello*, the Seventh Circuit concluded that the litigant was not prevented by extraordinary circumstances from filing a timely complaint even though the litigant claimed that the law was unclear, the delay was minimal, the other side was not prejudiced, and counsel's father died two weeks before the deadline. *Id.* at 1010. The *Marcello* court concluded, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Id.*; *see also Clark v. Resident's Journal*, No. 02 C 7933, 2003 WL 21518553, at 3 (N.D. Ill. July 2, 2003) (plaintiff's sudden illness did not meet high threshold necessary to invoke doctrine of equitable tolling).

Here, Fleming alleges that her tardiness in filing her original complaints was the result of extraordinary circumstances, namely, that she was incapacitated due to illness. (Am. Compl. ¶ 41.) Fleming filed an affidavit in support of her response to Defendants' motions to dismiss and in further support of her Amended Complaint. (R. 33-1.) In her affidavit, Fleming avers that she experienced stress and anxiety during her employment with the CTA, and therefore, sought

4

medical treatment. (*Id.* ¶ 4.) She further avers that after her medical treatment and a period of recovery, she was able to return to her efforts of pursuing her discrimination claims. (*Id*. ¶ 7.)

Although the Court empathizes with Fleming's stress and anxiety over this matter, Fleming's need for medical attention and recovery do not establish the high threshold required for equitable tolling. *See Marcello,* 212 F.3d at 1010. As the Seventh Circuit instructs, the "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill,* 269 F.3d at 851 (citation omitted). Therefore, the Court dismisses Fleming's employment discrimination claims in Counts I and II of her Amended Complaint as untimely.

## II.     Count III – Section 1981 Claim of Race Discrimination[2]

Under 42 U.S.C. § 1981, a plaintiff must bring a claim within four years of the alleged discrimination. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836, 1845 (2004); *Dandy,* 388 F.3d at 268-69. Because Fleming brought her pro se complaints within four years of the alleged race discrimination, her original complaints were timely. Nevertheless, the CTA contends the that Court should dismiss Count III of the Amended Complaint because Fleming does not state a claim upon which relief can be granted.

To bring an action against an agency of a municipal government under Section 1981, Fleming must establish that the CTA had an official policy or practice that was discriminatory. *See Monell v. Department of Soc. Servs. of New York,* 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000). To plead

---

[2] The Union did not file a motion to dismiss Count IV – Fleming's Section 1981 race discrimination claim against the Union. Therefore, the Court need only address Fleming's Section 1981 claim against the CTA.

municipal liability, Fleming must allege that: (1) the CTA had an express policy that, when enforced, caused a constitutional deprivation; (2) the CTA had a widespread practice that, although not authorized by law or municipal policy, was so permanent and well-settled as to constitute a custom or usage within the force of law; or (3) a person with final policymaking authority caused her alleged constitutional injury. *McCormick*, 230 F.3d at 324. In *McCormick*, the Seventh Circuit emphasized that federal courts do not apply heightened pleading standards in civil rights cases alleging municipal liability. *Id.* at 323-24.

Here, Fleming contends that her Amended Complaint satisfies both the second and third tests under this standard. To this end, Fleming asserts that under the second test, she alleged that she was held to a stricter performance standard and was treated differently than her non-minority and male colleagues. (Am. Compl. ¶ 16.) She further alleges that her supervisors and the Union did nothing to improve her situation after she notified them that she was being treated unfairly. (Am. Compl. ¶ 17.) Finally, Fleming alleges that her male supervisor, Antonio McFadden, excessively disciplined and punished her and instructed other supervisors to discipline her. (Am. Compl. ¶ 28.) Fleming does not explain how these allegations support her theory that the CTA had a widespread practice that was so permanent as to constitute a custom or usage. *See id.* Instead, these allegations reflect that she may have been treated differently than her male and non-minority colleagues – allegations that are more akin to a disparate treatment claim, not a *Monell* claim. *See, e.g., Franklin v. City of Evanston,* 384 F.3d 838, 847 (7th Cir. 2004).

Next, Fleming contends that she has sufficiently pled that a person with final policymaking authority caused her constitutional injury. Specifically, Fleming asserts that when she alleged that the CTA's General Manager informed her that she was terminated, she fulfilled

6

the pleading requirements under the third test of the *Monell* standard. (Am. Compl. ¶ 32.) Fleming, however, does not alleges that someone with policymaking authority caused her injury. Without more, Fleming has failed to allege facts or conclusions that form the basis of a *Monell* claim. *See McCormick,* 230 F.3d at 325.

Although heightened pleading standards do not apply to *Monell* actions, Fleming has nonetheless failed to allege a short and plain statement consisting of facts necessary to put the CTA on notice of her claim. *See Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005). Thus, the Court grants the CTA's motion to dismiss Count III without prejudice.

## CONCLUSION

For these reasons, the Court grants Defendants' motions to dismiss. The Court dismisses Counts I and II of the Verified Amended Consolidated Complaint with prejudice and dismisses Count III without prejudice.

Dated: June 3, 2005

ENTERED

_____
**AMY J. ST. EVE
United States District Court Judge**